UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Victor J. Orena, a/k/a Little Vic and Anthony Ciccone; | ) | C/A No. 6:08-0916-MBS-WMC |
| Norma Kline Tiefel and Kathryn Walt Hall; | ) | C/A No. 6:08-0917-MBS-WMC |
| Gail Cameron Wescott and Marcia Rockwood; | ) | C/A No. 6:08-0918-MBS-WMC |
| Salvatore Scala and Thomas Sassano; | ) | C/A No. 6:08-0919-MBS-WMC |
| Leonard A. Pelullo and Filippo Casa Mento; | ) | C/A No. 6:08-0920-MBS-WMC |
| Vincent J. Fumo and John E. Boyle; | ) | C/A No. 6:08-0921-MBS-WMC |
| King Mafia Disciples and Tyrese Sharod Smith; | ) | C/A No. 6:08-0922-MBS-WMC |
| Sumner Redstone and Brent Redstone; | ) | C/A No. 6:08-0923-MBS-WMC |
| John Fred Parrish and BCCI Holding SA; | ) | C/A No. 6:08-0924-MBS-WMC |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] Plaintiff filed the nine (9) civil actions listed above as "class action" suits against a variety of defendants. The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request monetary and injunctive relief.[2]

---

[1] Since December, 2007, Plaintiff has filed one hundred and ninety-eight (198) cases, including the present action, with this Court. Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a review has been made of the *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district

2

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### **Discussion**

Plaintiff filed a motion in these cases to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied and these complaints should be dismissed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), which bars an inmate from proceeding *in forma pauperis* unless he alleges facts to support a claim of imminent danger. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts,

truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[3] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee for each case. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of

---

[3] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

4

imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in two (2) of the above captioned complaints.[4] However, all of the complaints allege some type of civil rights violation, to include threats and mistreatment by the Defendants, as follows:

**1.    *Riches v. Victor J. Orena, a/k/a Little Vic, and Anthony Ciccone*, C/A No. 6:08-0916-MBS-WMC**.

In this action, Plaintiff claims, "Plaintiffs file this class action suit from defendants miscalculation of Bureau of Prison good time credits. Plaintiffs are not recieving [sic] 54 days good time required by law. Plaintiffs are only recieving [sic] 47 days. Plaintiffs have no parole and must serve 87.2%, not 85%, which the public believes inmates serve, these are civil rights violations. Plaintiffs move to get 54 days good time for relief and $3 million dollars."

**2.    *Riches v. Norma Kline Tiefel and Kathryn Walt Hall*, C/A No. 6:08-0917-MBS-WMC**.

Plaintiff states, "Plaintiffs are mistreated in Prison since Feb 25th, 2003. Plaintiffs are forced everyday to stand for a 4 pm count by defendants, who will lock Plaintiff's in solitary confinement if they don't stand. Plaintiff's 4 pm sleep is interupted [sic] by defendants, this is

---

[4] Plaintiff claims "imminent danger" in Civil Actions No. 6:08-0923-MBS-WMC and 6:08-0924-MBS-WMC.

torture, and civil rights abuse. Plaintiffs seek a restraining order TRO and Injunction compelling defendants to allow us to sleep."

3.   *Riches v. Gail Cameron Westcott and Marcia Rockwood*, **C/A No. 6:08-0918-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs due process rights to access to the courts is violated by FCI Williamsburg. FCI Williamsburg does not send out the mail on Saturdays when the mail post office is open. Plaintiffs have to wait to Monday, this is neglect and abuse. Guards open up inmates legal mail, this is a invasion of privacy and a civil rights violation. Plaintiff's seek mail delivery for Inmates on Saturday and a TRO."

4.   *Riches v. Salvatore Scala and Thomas Sassano*, **C/A No. 6:08-0919-MBS-WMC**.

Plaintiff states, "Plaintiffs 8th amendment rights are violated under cruel and unusual punishment. Defendants are forcing Plaintiffs to be housed over 500 miles away from their families, high outrageous phone rates, no fruits sold on commissary, loud noise, racial tensions, and inmates with H.I.V., these are civil rights violations. Plaintiffs seek a restraining order against this operation and a injunction."

5.   *Riches v. Leonard A. Pellulo and Filippo Casa Mento*, **C/A No. 6:08-0920-MBS-WMC**.

Plaintiff claims, "Plaintiffs are subjected to Horrible medical care at FCI Williamsburg. On 12-20-07, Plaintiffs and others recieved [sic] a Staph infection outbreak, which medical did not treat properly. Plaintiffs are forced to pay $2 dollars for medical care in Prison. Plaintiffs are indigent, this is a civil rights violation. Plaintiffs seek a restraining order."

6.   *Riches v. Vincent J. Fumo and John E. Boyle*, **C/A No. 6:08-0921-MBS-WMC**.

Plaintiff states, "Plaintiffs 6th amendment rights are violated by defendants under Booker and Fan Fan. The Federal sentencing guidelines is unconstitutional. Defendants are the

6

founding fathers of the guidelines. Defendants took parole away. Defendants subject Plaintiffs to overcrowding at FCI Williamsburg. Plaintiffs seek a preliminary Injunction/TRO."

7.  ***Riches v. King Mafia Disciples and Tyrese Sharod Smith*, C/A No. 6:08-0922-MBS-WMC**.

Plaintiff claims, "Plaintiffs face serious threats from this Prison Gang, who extorts, rapes, and beats white non violent, white collar inmates. Plaintiffs recieved [sic] threats on 1-1-08. Defendants smuggle narcotics, booze, and cigarettes in prison. Plaintiffs civil rights are violated and seeks a preliminary Injunction/TRO against defendants."

8.  ***Riches v. Sumner Redstone and Brent Redstone*, C/A No. 6:08-0923-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs 8th amendment rights at FCI Williamsburg for cruel and unusual punishment is violated by Defendant who financialy [sic] supports this Kidnapping. Plaintiffs are subjected to T.V. dinners, raw food, cable T.V. abuse. This is a reality show. Plaintiff's face imminent danger and seek a TRO preliminary Injunction."

9.  ***Riches v. John Fred Parrish and BCCI Holding SA*, C/A No. 6:08-0924-MBS-WMC**.

Plaintiff claims, "Plaintiffs face imminent danger since 12-10-07. Defendants are mistreating Plaintiffs at FCI Williamsburg. Handcuffs are to [sic] tight, beatings with batons, pat downs with dirty gloves, these are civil rights violations by Defendants. Plaintiff's seek a restraining order and Preliminary Injunction."

In the above complaints, Plaintiff uses the term "imminent danger" twice, and discusses various types of alleged mistreatment by and/or threats received from many of the Defendants. However, none of the pleadings provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's vague assertions regarding the receipt of threats are insufficient to raise a credible claim of imminent

7

danger, *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998), and the "imminent danger" exception does not apply to Plaintiff's claims regarding past mistreatment. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)). As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

It is recommended that the District Court deny the Plaintiff's motion to proceed *in forma pauperis* in each of the above cases. It is further recommended that, should Plaintiff fail to pay the filing fees as directed above, the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's attention is directed to the important notice on the next page.

March 25, 2008                                         s/William M. Catoe
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).